## SUPREME COURT.

EDWARD SAVAGE, as executor, &c., agt. MARY L. GOULD *et al.*

*Costs on appeal from surrogate's court — Separate appearance and bill of costs to infant respondents.*

Upon an appeal to the supreme court from the decree of the surrogate removing an executor and guardian, it is proper that infant respondents should appear by different attorney than adults and tax separate bill of costs, upon affirmance.

From the service of the petition of appeal, the proceedings, so far as the question of costs were concerned, are to be regarded in this court, viz., costs of proceedings, before and after trial, of argument and term fees.

Code of Procedure, section 307, not applicable to such appeals.

*Troy Special Term, March,* 1880.

*Charles W. Mead,* appellant's attorney, for motion for retaxation. But one bill of costs can be taxed, unless more are awarded (*Code, sec.* 306; *Williams* agt. *Blumer,* 49 *How. Pr.,* 12; *Allis* agt. *Wheeler,* 56 *N. Y.,* 50; *Park* agt. *Spaulding,* 10 *Hun,* 128–131; *Von Keller* agt. *Schulting,* 45 *How. Pr.,* 139; *Brockway* agt. *Jewett,* 16 *Barb.,* 594). Trial fee only was allowable (*Morgan* agt. *Morgan,* 1 *Abb.* [*N. S.*], 40).

*Alva H. Tremain,* attorney for adult respondents; *Andrew Hamilton,* attorney for infant respondents, opposed. The Code does not limit the costs to trial fee, but places the appeal " for all purposes of costs " as an action in this court (*Code, sec.* 318; *Dupuy* agt. *Wurts,* 47 *How. Pr.,* 225; *Seguin* agt. *Seguin,* 3 *Abb. Pr.* [*N. S.*], 442; *Morgan* agt. *Morgan, supra ; and Gilman* agt. *Reddington,* 4 *Hun,* 640 *explained; see note after opinion*). Separate bills of costs were properly taxed (*Conkling* agt. *Bloodgood,* 12 *Wend.,* 279; *Minturn* agt. *Main,* 2 *Sandf.,* 737; *Bridgeport Ins. Co.* agt. *Wilson,* 20 *How. Pr.,* 511). The guardian necessarily appeared and pleaded separately (*Sup. Ct. Rule* 53). The award of costs means to all parties who succeed (*Lawrence* agt. *Lindsay,* 70 *N. Y.,* 566; *Sisters, &c.,* agt. *Kelly,* 68 *id.,* 628).

INGALLS, *J.* — In the above matter the adult respondents appeared by Mr. Tremain, and the infants by Mr. Hamilton, as their guardian *ad litem.* The decree of the surrogate was affirmed by the general term with costs. Tremain and Hamilton are not partners, nor in any manner connected in business, nor do they occupy the same office, and there is no claim of collusion or of a device to insure the costs of litigation by their separate appearances. It was quite proper that the infants should be represented by a person other than the attorney for the adult parties. Under such a state of facts it was justifiable to allow the two bills of costs, and herein the clerk, in this respect, committed no error in adjusting them

Savage agt. Gould *et al.*

(*The Bridgeport F. & M. Ins. Co.* agt. *Wilson*, 20 *How. Pr., p.* 511 ; *Cullomb* agt. *Caldwell*, 5 *How. Pr. Rep., p.* 336). As all of the respondents were successful, it did not become necessary to apply to the court for direction in regard to an allowance of costs under subdivision 2, section 306, of Code of Procedure. The court at general term, by its order of affirmance, allowed costs to the respondents without restriction ; and, hence, we conclude that they were to be adjusted according to the rules and practice of this court. The item of ten dollars for preparing amendments to the return, on the appeal, was unauthorized and should not have been included in the costs, as section 307 of the Code of Procedure does not apply to such a case, and as the court had not by its order directed payment for that service, it cannot be included in costs. From the time of the service of the petition of appeal, the proceeding so far, at least as the question of costs are concerned, is to be regarded in the supreme court (*Dupuy* agt. *Wurts*, 47 *How. Pr., p.* 225 ; *Seguine* agt. *Seguine*, 3 *Abbott's Rep.* [*N. S.*], 442; *Hawley* agt. *Donnelley*, 8 *Paige Chan. Rep.*, 415). Consequently it was proper to include the item of ten dollars for all proceedings before notice of trial, also the item of fifteen dollars for all proceedings after notice and before trial. We perceive no substantial reason why those items should not be allowed, as the nature of the services rendered is consistent with the provision of the Code in that respect. The appeal necessitated the trial of an issue of law, and hence the successful party became entitled to a trial fee of twenty dollars. The argument of the appeal was postponed, at the instance of the appellant and by order of the court, one term, and therefore the term fee of ten dollars was properly taxed. The adjustment of costs by the clerk seems to have been correct with one exception, viz., the item of ten dollars for preparing amendments. The costs must be readjusted in accordance with the foregoing ; and no costs of this appeal is allowed to either party.